IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT FERRELL | : | CASE NO. C-1-02-190 |
| Plaintiff, | : | Magistrate Judge Black |
| v. | : | |
| LAKOTA SCHOOL DISTRICT | : | |
| Defendant. | : | |

: : : : : : :

FINAL PRETRIAL ORDER

: : : : : : :

This matter came before the Court at a Final Pretrial Conference held on November 5, 2004, pursuant to Fed. R. Civ. P. 16.

I. APPEARANCES

    For Plaintiff:    Richard L. Hurchanik, Esquire, 110 North Main Street, Hamilton, OH 45011

    For Defendant:    Thomas M. Green, Esquire.  Green & Green, Lawyers, 800 Performance Place, 109 North Main Street, Dayton, OH 45402-1290.

II. NATURE OF ACTION AND JURISDICTION

    A.    This is an action based on age and sex discrimination.

1

    B.    The jurisdiction of the Court is invoked under 29 USC Section 621 et seq. and 42 USC Section 2000 et seq.

    C.    The jurisdiction of the Court is not disputed except as to Plaintiff's Third Claim for assault as to which Defendant disputes that this Court has diversity jurisdiction because the matter does not involve citizens of different states and the amount in controversy is below the statutory requirement.

    D.    The parties have consented to entry of final judgment by the United States Magistrate Judge Timothy S. Black.

III.    TRIAL INFORMATION

    A.    The estimated length of trial is 5 ½ days.

    B.    Trial to the jury has been set for November 18 through November 24, 2004.

IV.    AGREED STATEMENT OF LISTS

    A.    General Nature of Parties' Claims.

        (1)    PLAINTIFF CLAIMS:

The Plaintiff asserts in Count 1 he was discriminated against as a new hire by losing a longer, better paying route to a newly hired younger and attractive female with less seniority on hire, to wit: age discrimination. The Plaintiff also presents a prima facie case for retaliation. The Plaintiff was fired for merely questioning why routes were assigned rather than the 25 year long practice of the drivers picking them by seniority.

The Plaintiff asserts in Count 2 that the Defendant discriminated against him in favor of an attractive younger female driver, to wit: sex discrimination.

The Plaintiff asserts in Count 3 a state claim of assault when his route sheet was jerked from his hand and he was "fired."

        (2)    DEFENDANT CLAIMS:

Defendant and its management personnel did not discriminate against plaintiff based on sex or age. Different but essentially similar bus routes were assigned by Defendant to new drivers based on management's decision as to which driver could

better handle the route. Defendant was entitled to assign these routes in any manner. Age and sex were not given any consideration. All drivers earned approximately the same income and worked approximately the same hours performing essentially the same work. Plaintiff did not suffer an adverse employment action. Plaintiff was not engaged in any protected activity and there was no retaliatory action.

Defendant did not assault plaintiff.

Plaintiff was not fired from any position and in fact was re-offered employment after quitting, which plaintiff refused

Plaintiff has not stated a claim for age or sex discrimination, retaliation or civil assault, and cannot prove any set of facts which constitutes a legal claim therefor.

Plaintiff has not sustained any damages and has failed to mitigate his damages, if any.

B.   Uncontroverted Facts

(1)   Plaintiff Robert Ferrell was employed by defendant Lakota School District as a substitute bus driver for school year 2000 - 2001.

(2)   In August, 2001, plaintiff Ferrell was one of ten substitute drivers to be offered contracts as full-time bus drivers by defendant Lakota.

(3)   On or about August 11, 2001, the ten new drivers, including plaintiff, met with Director of Transportation Larry Lane and other management personnel for defendant Lakota and were each offered employment driving a morning and an afternoon bus route.

(4)   At the time plaintiff Ferrell was offered the full-time position by defendant Lakota, he was a male, 61 years of age.

(5)   One of the ten new drivers was a women, Yvette Ferrell, age 30

(6)   As of August, 2001, among the ten new drivers, plaintiff Ferrell had the second highest time in service with Lakota as a substitute bus driver.

(7)   After August, 2001, plaintiff Ferrell had earned income.

(8)   Plaintiff Ferrell filed a charge of discrimination with the United States Equal Employment Opportunity Commission on or about November 16, 2001, and the charge was dismissed as of January 18, 2002.

 (9) Defendant Lakota employed more than 15 persons as of August, 2001.

 (10) Defendant Lakota submitted documents to the EEOC including a letter from J. Michael Fischer, Esquire to Helen B. Glutz, dated December 12, 2001, a copy of which is attached to Plaintiff's Complaint as Exhibit 4.

C. Issues of Fact and Law

 (1) CONTESTED ISSUES OF FACT:

  (a) Whether the Defendant gave the longest, best paying route to a 30 year old attractive female who wore mini skirts.

  (b) If Defendant gave the longest, best paying route to Yvette Ferrell because she was young and female, did Plaintiff suffer an adverse employment action as a result thereof.

  (c) Does Defendant have a non-discriminatory reason for assigning the bus routes in the manner it did.

  (d) Does Plaintiff have any evidence to show that Defendant's explanation is pre-textual.

  (e) Did Defendant's employee Larry Lane jerk a route sheet out of Plaintiff's hand for questioning why Yvette Ferrell got the longest route despite the announcement that routes would not be assigned.

  (f) If Defendant's employee jerked the route sheet from Plaintiff's hand was that an offensive touching sufficient to constitute a civil assault.

  (g) If Defendant's employee jerked the route sheet from Plaintiff's hand did that constitute the firing of Plaintiff.

  (h) Was Plaintiff fired by Defendant.

  (i) Has Plaintiff attempted to mitigate his damages.

  (j) What damages, if any, has Plaintiff sustained.

  (k) Was the alleged firing of Plaintiff retaliation for questioning the assignment of the longest, best paying route to a 30 year old mini skirt wearing attractive female who had the lowest time in service as

        a substitute bus driver among the ten new hires. [Defendant disputes that this is a factual issue before the Court because Plaintiff cannot show that he was engaged in a protected activity.]

(l)     Did the Defendant return to the new hires picking the routes by substitute seniority immediately after the August 11, 2000 event. [Defendant disputes that this is a factual issue before the Court or that evidence thereof is relevant to any issue in this case. Further, such testimony would be inadmissible pursuant to Evid. R. 407. Plaintiff believes that this belies the defendant's claim to the EEOC and herein that it used a management decision to give the longest and best route to the attractive, 30 year old min-skirt wearing female, thus discriminating against the older, male Plaintiff.]

(m)     Did the Defendant use substitute seniority to allow new hires to pick routes by substitute seniority for 25 years before and immediately after the August 11, 2000 meeting where the routes were assigned. [Defendant disputes that this is a factual issue before the Court or that evidence thereof is relevant to any issue in this case. Further, such testimony would be inadmissible pursuant to Evid. R. 407. Plaintiff believes that this belies the defendant's claim to the EEOC and herein that it used a management decision to give the longest and best route to the attractive, 30 year old min-skirt wearing female, thus discriminating against the older, male Plaintiff.]

(n)     Did the Defendant announce at the beginning of the meeting on August 11, 2000, that the routes would still be picked by the new drivers by substitute seniority, contrary to rumors that the Defendant would assign the routes.

(o)     Did the Defendant lie to the EEOC when it wrote a letter (Plaintiff's Exhibit 4 attached to the Complaint) which stated:

> After the shake out and rebidding of routes for the 2001-2002 school year, there were five additional regular routes on which no regular route driver had bid. Mr. Lane assigned one of the routes to Mr. Koenig because he was the most experienced substitute driver. Mr. Lane believed the route could present some potential difficulties and Mr. Lane wanted an experienced driver on the route. The remaining four routes were similar in time and circumstances, and Mr. Lane advised the next four substitute drivers to whom routes were to be assigned that he had no objection to them deciding

        among themselves how the routes were to be assigned. Since Mr. Ferrell had refused all substitute assignments since the start of the school year, Lakota treated him as having quit his substitute driver's position with Lakota, which is why he was not considered for one of the leftover regular routes after the rebidding process was completed, when the 5 routes were picked by substitute seniority.

[Defendant disputes that this is a factual issue before this Court or that evidence thereof is relevant to any issue in this case. Plaintiff believes that the issue shows that after the least senior attractive, mini-skirt wearing 30 year old female was selected for the best paying route, all other selections were by the over 25 year practice of the substitutes picking routes by seniority including the example the Defendant wrote to the EEOC falsely claiming it was another management decision, and supports issue (m) above.]

    (2)    CONTESTED ISSUES OF LAW:

None other than those implicit in the foregoing issues of fact.

D.    Witnesses

    (1)    The Plaintiff will call or have available for testimony at trial those witnesses listed on Appendix A hereof.

    (2)    The Defendant will call or have available for testimony at trial those witnesses listed on Appendix B hereof.

E.    Expert Witnesses

None for either party.

F.    Exhibits

    (1)    Joint exhibits – Appendix D

    (2)    Plaintiff exhibits – Appendix E

    (3)    Defendant exhibits – Appendix F

G. Depositions

(1) The testimony of the following witnesses will be offered by deposition/videotape: Yvette Ferrell. Defendant has pending objections to the presentation of this witness's testimony by deposition and there are evidentiary objections within the testimony on which the Court may need to rule.

H. Discovery

Discovery has been completed, subject to Defendant's objections and motion to compel.

I. Pending motions

The only pending motion is the discovery motion of Defendant incorporated within Defendant's Opposition to Plaintiff's Motion to Compel Discovery, filed October 31, 2002. Plaintiff and Defendant believed that this motion was deemed moot following a conference with the Court February 26, 2003, based on certain promises of the parties; however, Defendant has never been provided with the specific discovery sought in that motion, e.g. a disclosure pursuant to Fed. R. Civ. P. 26(a) and answers (seasonably updated) to Defendant's First Set of Interrogatories Propounded on Plaintiff Robert W. Ferrell or written responses to Defendant's First Request for Production Of Documents Propounded on Plaintiff Robert W. Ferrell. Plaintiff does not believe that Defendant properly raised these issues since no motion was filed.

V. MODIFICATIONS

None at this time.

VI. SETTLEMENT EFFORTS

The parties have engaged in good faith efforts to negotiate a settlement. Plaintiff's last demand was $80,000. Defendant's last offer was $12,000.

VII.	PROPOSED INSTRUCTION – TRIAL TO A JURY

      Pursuant to this Court's Order of June 25, 2004, the parties will submit Jointly Proposed Jury Instructions on or before the end of the business day on Friday, November 12, 2004.

 

                                                                       Timothy S. Black
                                                                       United States Magistrate Judge

 

s/ Richard L. Hurchanik per fax authority of 10/22/04
RICHARD L. HURCHANIK (0017443)
110 North Third Street
Hamilton, Ohio 45011
Tel. (513) 867-1717
Fax (513) 895-4422
Trial attorney for plaintiff

s/   Thomas M. Green
THOMAS M. GREEN (0016361)
GREEN & GREEN, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
Tel.: 937/ 224-3333
Fax :  937/ 224-4311
tmgreen@green-law.com
Trial attorney for defendant Lakota School
District aka Lakota Local School District