IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | | |
|---|---|---|
| ROBERT W. FERRELL | : | CASE NO. 1:02-cv-00190 |
| | | (Black, J.) |
| Plaintiff, | : | |
| v. | : | MOTIONS IN LIMINE OF DEFENDANT |
| | | LAKOTA LOCAL SCHOOL DISTRICT |
| LAKOTA SCHOOL DISTRICT aka | : | |
| LAKOTA LOCAL SCHOOL DISTRICT | | |
| | : | |
| Defendant. | | |

Now comes defendant Lakota School District aka Lakota Local School District and respectfully moves this Court for an Order in Limine excluding testimony and/or exhibits anticipated to be offered by plaintiffs as follows:

1.   Plaintiff's Exhibit No. 1, Charge of Discrimination, filed December 16, 2001.

This is a copy of a document filed by plaintiff asserting his claims before the Equal Employment Opportunity Commission. This document is equivalent to a pleading and is hearsay. Evid. R. 802. The parties have stipulated that the charge was filed and dismissed by the EEOC.

2.   Plaintiff's Exhibit No. 4, letter from J. Michael Fischer, Esq., ENNIS, ROBERTS & FISCHER, to Helen B. Glutz, Equal Employment Opportunity Commission, December 12, 2001.

Mr. Fischer's letter was written as counsel for the Lakota Local School District in the EEOC administrative proceedings and constitutes a statement of his beliefs as to the facts in dispute. Mr. Fischer is not listed or expected to appear as a witness. His letter is tantamount to a pleading and is hearsay. Evid. R. 802.

3.   Plaintiff's Exhibit No. 5, letter from Thomas M. Green, Esq., GREEN & GREEN, Lawyers to Richard L. Hurchanik, Esq., August 1, 2002. This letter was written by trial counsel for defendant to plaintiff's counsel and constitutes informal discovery responses to various questions posed by plaintiff's attorney. Defendant has no objection to substituting a stipulation as to the information stated but counsel's letter should not be presented to the jury.

4.   Plaintiff's Exhibit No. 6, Ohio Administrative Code §3301-83-09 and 3301-83-10, are statements of the law, and even if applicable to the issues in this case (which they are not) should

not be given to the jury other than in the form of jury instructions. There is no dispute concerning whether plaintiff met the qualifications to be a bus driver.

     5.     Plaintiff's Exhibit No. 8, Affidavit of Yvette R. Ferrell, June 13, 2002. This affidavit is hearsay and not the best evidence of Ms. Ferrell's testimony. This witness is subpoenaed to appear for trial and in the event that she does not appear her deposition may be used. Certainly either counsel can refer to the affidavit for purposes of impeachment but the affidavit itself should not be admissible. Evid. R. 802.

     6.     Plaintiff's Exhibit No. 9, letter from William C. Wright, Jr. and Larry Gibson, Teamster's Local Union No. 100, to Larry Lane, Director of Transportation, March 19, 1997.

This letter is a complaint from Teamster's Local 100 concerning alleged instances of verbal abuse by Mr. Lane of members of the bargaining unit in 1997 or before. There is no allegation in this case that Mr. Lane verbally abused anyone and certainly no allegation that he used any profanity. The incident about which plaintiff complains happened August 11, 2001. This document is too remote, is not relevant to any issue in this case, is hearsay and certainly is more prejudicial than probative, Evid. R. 402, 403, 802.

     7.     Plaintiff's Exhibit No. 13, letter from Albert T. Brown, Jr. to Kathy Klinck, Superintendent, August 14, 2001. This is a letter from an attorney who represented plaintiff Ferrell prior to Mr. Hurchanik, attempting to negotiate a resolution to Mr. Ferrell's complaints. This letter is an expression of Mr. Brown's opinions and/or evidence of settlement negotiations, none of which is admissible in this case. Neither Mr. Brown nor Ms. Klinck are listed or expected to appear as witnesses in this case. Evid. R. 408, 802.

     8.     Plaintiff's Exhibit No. 14, letter from J. Michael Fischer, ENNIS, ROBERTS & FISCHER, to Albert T. Brown, Jr., August 29, 2001. This is another letter from J. Michael Fischer as counsel for Lakota School District responding to Mr. Brown as counsel for Mr. Ferrell. This letter is hearsay. Neither Mr. Brown nor Mr. Fischer will testify as witnesses at trial. Evid. R. 802.

     9.     Plaintiff's Exhibit No. 15, letter from J. Michael Fischer, ENNIS, ROBERTS & FISCHER, to Albert T. Brown, Jr., October 18, 2001. This is another letter from J. Michael Fischer as counsel for Lakota School District responding to Mr. Brown as counsel for Mr. Ferrell. This letter is hearsay. Neither Mr. Brown nor Mr. Fischer will testify as witnesses at trial. Evid. R. 802.

     10.     Plaintiff has no evidence to show that he was engaged in a "protected activity" when he was allegedly fired for questioning defendant's administrator's decision to assign bus routes as opposed to permitting prospective new employees to select those routes. Further, plaintiff logically could not have been fired in retaliation for his conduct because he was never hired. Defendant respectfully requests this Court order plaintiff to refrain from arguing or attempting to offer evidence of "retaliation" in the absence of evidence that he was engaged in any protected activity.

      11.    Plaintiffs seeks to offer evidence that subsequent to August 11, 2001, starting with the "shakeout" period for the 2001-2002 school year, and then for new contract driver hires for school year 2002-2003 and thereafter, defendant permitted the new drivers to select from available routes based upon their seniority as former substitutes for the system. It is plaintiff's contention that somehow this practice, which occurred subsequent to plaintiff's decision to quit, is admissible to show discriminatory practices occurring prior to plaintiff's quit. Evidence Rule 407 precludes admission of measures taken subsequent to an event which would have made the harm less likely to occur, for the purpose of proving the defendant's culpability.

      12.    Plaintiff seeks to introduce evidence based on the content of a letter written by J. Michael Fischer, Esq., counsel for Lakota School District, to Helen Glutz at the Equal Employment Opportunity Commission (plaintiff's proposed Exhibit No. 4) that Lakota School District "lied" to the EEOC concerning how drivers' routes were selected or assigned during the shakeout in October 2001 – 60 days after Mr. Ferrell stopped working for the District. Apparently the argument is over whether of the five routes available to be assigned in October, one was assigned by the transportation director to Albert Koenig with the other four selected by the four available substitutes based on their seniority as substitutes, or whether all five routes were selected by the substitutes based on their substitute seniority. It is immaterial and irrelevant to the matters at issue in this case as to which procedure was followed, if either. Mr. Ferrell had no involvement in the shakeout route assignment process in October 2001. These are all events subsequent to his decision not to accept the route that he was assigned August 11, 2001. This evidence is not relevant to any issue in the case and at best constitutes subsequent remedial measures precluded by Evidence Rule 407.

      Respectfully submitted,

s/   Thomas M. Green
THOMAS M. GREEN (0016361)
GREEN & GREEN, Lawyers
800 Performance Place
109 North Main Street
Dayton, Ohio 45402-1290
Tel.: 937/ 224-3333
Fax : 937/ 224-4311
tmgreen@green-law.com
Trial attorney for defendant Lakota School
District aka Lakota Local School District

CERTIFICATE OF SERVICE

      I hereby certify that on November 12, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None and I hereby certify that I have mailed by United States Postal Service the document to the

following non CM/ECF participants: Richard L. Hurchanik, Esq., 110 North Third Street, Hamilton, Ohio 45011.

                                                  s/ Thomas M. Green
                                                  THOMAS M. GREEN (0016361)